■ Annemarie Hadda, by Her Attorneys-in-Fact, Ceri E. Hadda, Janet Hadda and Katherine B. Hadda, et al., Respondents, v Lissner & Lissner LLP et al., Appellants. [952 NYS2d 126]—

Defendants made out a prima facie showing that the three-

year statutory limitations period (CPLR 214 [6]) expired before this legal malpractice action was commenced in July 2010. Plaintiffs failed to raise an issue of fact whether the doctrine of continuous representation applied here to toll the limitations period (*see Glamm v Allen*, 57 NY2d 87, 94 [1982]; *CLP Leasing Co., LP v Nessen*, 12 AD3d 226 [1st Dept 2004]). The only evidence plaintiffs submitted on this issue was an affidavit by the husband of one of the plaintiffs, not a party to plaintiffs' retainer agreement with defendants, stating that he spoke to the individual defendant four times between January and May 2007. Even assuming the husband had the authority to speak for plaintiffs, the intermittent telephone contact between himself and defendants does not constitute "clear indicia of an ongoing, continuous, developing and dependent relationship between the client and the attorney" or of "a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim" (*see Matter of Merker*, 18 AD3d 332, 332-333 [1st Dept 2005] [internal quotation marks omitted]).

The causes of action for breach of fiduciary duty and breach of contract are duplicative of the malpractice cause of action, and are therefore also time-barred (*see* CPLR 214 [6]; *6645 Owners Corp. v GMO Realty Corp.*, 306 AD2d 97 [2003]). Concur—Tom, J.P., Mazzarelli, Catterson, Renwick and DeGrasse, JJ.