The instant action to recover damages for legal malpractice and breach of fiduciary duty was commenced in December 2011. The complaint does not allege when the conduct giving rise to these causes of action occurred.
The defendant Jeffrey Sunshine and his law firm, Jeffrey Sunshine, EC. (hereinafter together the Sunshine defendants), moved, inter alia, pursuant to CFLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred. In support of the motion, Sunshine submitted an affidavit stating that his firm “was retained to represent the plaintiff Downstate Elmira Acquisition Corp. in a series of real estate closings for the purchase of properties in Elmira, New York,” and “[t]to the best of my recollection, the last closing took place on October 5, *815 2007.” In support of that claim, Sunshine submitted a copy of a closing statement dated October 5, 2007.
In opposition, the plaintiff Nissim Elmakies submitted an affidavit stating that Sunshine acted as his business attorney, and was in “continuous communication regarding my investment.” However, the last communication with Sunshine alleged by the plaintiffs was a facsimile transmission dated December 7, 2007.
The Supreme Court granted that branch of the motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against the Sunshine defendants on the ground that the action was barred by the three-year statute of limitations.
The Sunshine defendants made a prima facie showing that the three-year statute of limitations for legal malpractice (see CPLR 214 [6]) expired before the action was commenced, and the plaintiffs failed to raise a question of fact in opposition (see Hadda v Lissner & Lissner LLP, 99 AD3d 476, 477 [2012]). Further, since the plaintiffs seek monetary relief for the alleged breach of fiduciary duty, the statute of limitations for that cause of action is also three years (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]). That cause of action was based on the same facts underlying the legal malpractice cause of action and, therefore, was time-barred (see Vermont Mut. Ins. Co. v McCabe & Mack, LLP, 105 AD3d 837, 839 [2013]; Tsafatinos v Lee David Auerbach, P.C., 80 AD3d 749, 750 [2011]).
The plaintiffs’ remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.