In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated May 30, 2012, which denied her unopposed motion to vacate an order of the same court entered April 18, 2011, which granted the unopposed motion of the defendants Honeydew Cab Corp., Yellow Cab SLS Management Corp., and Ngwang T. Sherpa, and the separate motion of the defendants MV Transportation, Inc., and Paul Tanis, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.
In order to vacate an order made upon a plaintiffs failure to oppose a motion, the plaintiff is required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; Jong Il Lee v En Salto, 107 AD3d 950, 950 [2013]; Santos v Penske Truck Leasing Co., 105 AD3d 1029, 1029 [2013]; Herrera v MTA Bus Co., 100 AD3d 962, 963 [2012]). Whether an excuse is reason *692 able is a determination within the discretion of the Supreme Court (see Herrera v MTA Bus Co., 100 AD3d at 963). Here, the Supreme Court providently exercised its discretion in refusing to accept the plaintiffs explanation for failing to oppose the defendants’ separate motions for summary judgment (see Strunk v Revenge Cab Corp., 98 AD3d 1029, 1030 [2012]; cf. Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 392 [2008]). Accordingly, we need not address whether the plaintiff demonstrated a potentially meritorious opposition to those motions (see Herrera v MTA Bus Co., 100 AD3d at 963). Balkin, J.E, Lott, Roman and Miller, JJ., concur.