■ BARBARA HOGAN, Appellant, v EVAN SCHWARTZ et al., Respondents, et al., Defendants. [990 NYS2d 67]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered February 8, 2012, which denied her motion to vacate so much of a prior order of the same court entered March 9, 2010, as granted the motion of the defendant Evan Schwartz and the separate motion of the defendants Trump Pavilion for Nursing and Rehabilitation and Jamaica Hospital Nursing Home Co., Inc., for summary judgment dismissing the complaint insofar as asserted against each of them, upon her failure to oppose the motions, and for leave to submit opposition to the motions.

Ordered that the order entered February 8, 2012, is reversed, on the law, on the facts, and in the exercise of discretion, with

one bill of costs payable to the plaintiff by the respondents appearing separately and filing separate briefs, the plaintiff's motion to vacate so much of the order entered March 9, 2010, as granted the separate motions of the defendant Evan Schwartz and the defendants Trump Pavilion for Nursing and Rehabilitation and Jamaica Hospital Nursing Home Co., Inc., for summary judgment dismissing the complaint insofar as asserted against each of them is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings, including a determination of those defendants' summary judgment motions on the merits.

On April 16, 2002, the plaintiff's decedent underwent knee replacement surgery performed by the defendant Evan Schwartz at the defendant St. John's Queens Hospital. Schwartz prescribed a postoperative blood thinner without specifying the prescription's duration. Three days later, the plaintiff's decedent was transferred to the defendants Trump Pavilion for Nursing and Rehabilitation and Jamaica Hospital Nursing Home Co., Inc. (hereinafter Trump/Jamaica), for rehabilitative care. At Trump/Jamaica, the decedent's medical treatment was overseen by Pedro Ong, who discontinued the use of the blood thinner on April 22, 2002. On April 30, 2002, the plaintiff's decedent suffered a pulmonary embolism and died. Thereafter, the plaintiff commenced this action to recover damages for medical malpractice and wrongful death.

In January 2010, Schwartz and Trump/Jamaica (hereinafter collectively the respondents) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. Although the return date of the motions had been adjourned on four occasions, the plaintiff failed to submit timely opposition. The Supreme Court granted the respondents' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, upon the plaintiff's failure to oppose. Thereafter, the court denied the plaintiff's motion to vacate the prior order and for leave to submit opposition to the motions. The plaintiff appeals.

To succeed in vacating an order made upon a plaintiff's failure to oppose a motion, the plaintiff is required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; Silva v Honeydew Cab Corp., 116 AD3d 691 [2014]). Here, the plaintiff established a reasonable excuse for failing to timely oppose the respondents' summary judgment motions. The Supreme Court had directed that the motions be made by a certain date notwithstanding its knowledge that the parties' discovery

was incomplete. The four adjournments did not adequately take into account that the plaintiff's counsel needed to schedule and conduct the deposition of a physician, obtain the deposition transcript from the stenographer, secure the physician's execution of the transcript, forward the transcript to the plaintiff's expert, draft and obtain execution of the expert's affirmation in opposition to the summary judgment motions, and then finalize, serve, and file the opposition papers. As a result, the Supreme Court improvidently exercised its discretion in denying the plaintiff's request for a further adjournment of the return date of the motions. The need for the further adjournment was not due to any lack of due diligence or delay on the plaintiff's part, and the additional evidence was material (*see Efstathiou v Cuzco, LLC*, 51 AD3d 712, 714 [2008]; *Romero v City of New York*, 260 AD2d 461, 461-462 [1999]).

The plaintiff also established that she had a potentially meritorious opposition to the respondents' summary judgment motions. Her expert's affirmation, when it was ultimately produced, as well as other documentary evidence submitted with the plaintiff's motion, raised potentially meritorious issues regarding whether Schwartz deviated from the standard of care by failing to set a duration for the prescribed blood thinner and whether Trump/Jamaica may be held vicariously liable for Ong's alleged deviation from the standard of care.

Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate and for leave to submit opposition to the motions, and we remit the matter to the Supreme Court, Queens County, for further proceedings, including a determination of the respondents' summary judgment motions on the merits. Dillon, J.P., Lott, Austin and Barros, JJ., concur.