■ MARLENY ESTRADA, Appellant, v RODNEY M. SELMAN et al., Respondents. [12 NYS3d 290]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), entered February 11, 2014, which denied her motion to vacate an order of the same court dated January 7, 2013, granting the defendants' motion for summary judgment dismissing the complaint upon her failure to oppose the motion.

Ordered that the order entered February 11, 2014, is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion to vacate the order dated January 7, 2013, is granted, the order dated January 7, 2013, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new determination, on the merits, of the defendants' motion for summary judgment dismissing the complaint.

To vacate an order made upon a plaintiff's failure to oppose a motion, the plaintiff is required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Hogan v Schwartz*, 119 AD3d 650, 651 [2014]; *Silva v Honeydew Cab Corp.*, 116 AD3d 691 [2014]; *Herrera v MTA Bus Co.*, 100 AD3d

962, 963 [2012]; *Henry v Kuveke*, 9 AD3d 476, 479 [2004]). Here, the plaintiff's counsel offered a detailed and credible excuse of law office failure, which, under the circumstances, should have been deemed adequate to excuse the plaintiff's default (*see* CPLR 2005; *Lyubomirsky v Lubov Arulin, PLLC*, 125 AD3d 614 [2015]; *Oller v Liberty Lines Tr., Inc.*, 111 AD3d 903, 904 [2013]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]). Furthermore, the plaintiff's submissions in support of her motion established that she had a potentially meritorious opposition to the defendants' motion for summary judgment (*see Perl v Meher*, 18 NY3d 208, 217-219 [2011]; *Filsaime v Nyarko-Brentuo*, 111 AD3d 598 [2013]).

Accordingly, the plaintiff's motion to vacate a prior order of the same court dated January 7, 2013, should have been granted, and we remit the matter to the Supreme Court, Queens County, for a new determination of the defendants' motion for summary judgment on the merits. Balkin, J.P., Austin, Miller and Maltese, JJ., concur.