■ JOHN ROLLINS, Appellant, v RODNEY ROLLINS, Respondent. [22 NYS3d 880]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Toussaint, J.), dated December 10, 2014, which granted the defendant's motion pursuant to CPLR 5015 to vacate an order of the same court dated April 16, 2014, granting the plaintiff's unopposed motion for leave to enter a default judgment against him on the issue of liability, upon his failure to answer the complaint.

Ordered that the order dated December 10, 2014, is reversed, on the facts and in the exercise of discretion, with costs, the defendant's motion to vacate the order dated April 16, 2014, is denied, and the matter is remitted to the Supreme Court, Kings County, for an inquest on damages.

The Supreme Court improvidently exercised its discretion in granting the defendant's motion pursuant to CPLR 5015 to vacate a prior order of the same court, which granted the plaintiff's unopposed motion seeking a default judgment against the defendant on the issue of liability, upon the defendant's failure to answer the complaint. "In order to vacate a default in opposing a motion pursuant to CPLR 5015 (a) (1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (*Rocco v Family Foot Ctr.*, 94 AD3d 1077, 1079 [2012]; *see Estrada v Selman*, 130 AD3d 562, 562 [2015]; *Aurora Loan Servs., LLC v Ahmed*, 122 AD3d 557, 558 [2014]).

Here, the defendant's unsworn statement submitted in support of his motion to vacate, that "[p]laintiff failed to notify the defendant of all motions," without more, was insufficient to establish a reasonable excuse for the defendant's failure to oppose the plaintiff's motion for leave to enter a default judgment against him on the issue of liability (*see Glauber v Ekstein*, 133 AD3d 713 [2015]; *Garcia v Shaw*, 118 AD3d 943 [2014]). In any event, the defendant also failed to demonstrate a potentially meritorious opposition to the plaintiff's motion (*see Glauber v Ekstein*, 133 AD3d at 713). Accordingly, the Supreme Court should have denied the defendant's motion. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.