■ STEVEN STEWART, Also Known as STEVEN McINTOSH, Appellant, v DAVID M. BERGER et al., Respondents. [29 NYS3d 42]—

In an action, inter alia, to recover damages for breach of fiduciary duty, breach of contract, and fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated January 7, 2014, as denied those branches of his motion which were to vacate so much of an order of the same court (Baynes, J.), dated June 21, 2012, as granted those branches of the defend-

ants' motion which were pursuant to CPLR 3211 (a) to dismiss the second, third, and fourth causes of action, which alleged breach of fiduciary duty, breach of contract, and fraud, respectively, and so much of the complaint as sought punitive damages, upon his failure to oppose the defendants' motion.

Ordered that the order dated January 7, 2014, is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof denying those branches of the plaintiff's motion which were to vacate so much of the order dated June 21, 2012, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the third and fourth causes of action, and substituting therefor a provision granting those branches of the plaintiff's motion; as so modified, the order dated January 7, 2014, is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for a determination, on the merits, of those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the third and fourth causes of action following submission of opposition papers by the plaintiff.

The plaintiff commenced this action against his former attorneys to recover damages for, among other things, breach of fiduciary duty, breach of contract, and fraud. The defendants subsequently moved pursuant to CPLR 3211 (a) to dismiss the complaint. The plaintiff failed to oppose the defendants' motion and, in an order dated June 21, 2012 (hereinafter the June order), the Supreme Court granted the defendants' unopposed motion to dismiss the complaint.

The plaintiff thereafter moved to vacate the June order. In the order appealed from, the Supreme Court accepted the plaintiff's explanation for his default, which amounted to law office failure. However, the Supreme Court further determined that the plaintiff had failed to demonstrate a potentially meritorious opposition to those branches of the defendants' motion which were to dismiss the second, third, and fourth causes of action on the ground that they are time-barred, and so much of the complaint as sought punitive damages. Accordingly, the Supreme Court denied those branches of the plaintiff's motion which were to vacate so much of the June order as directed the dismissal of the second, third, and fourth causes of action, and so much of the complaint as sought punitive damages. The plaintiff appeals from those portions of the order, and we modify.

"To vacate an order made upon a plaintiff's failure to oppose a motion, the plaintiff is required to demonstrate both a reason-

able excuse for the default and a potentially meritorious opposition to the motion" (*Estrada v Selman*, 130 AD3d 562, 562 [2015]; *see* CPLR 5015 [a] [1]; *Hogan v Schwartz*, 119 AD3d 650, 651 [2014]; *Silva v Honeydew Cab Corp.*, 116 AD3d 691, 692 [2014]; *Herrera v MTA Bus Co.*, 100 AD3d 962, 963 [2012]). "The determination of what constitutes a reasonable excuse lies within the trial court's discretion" (*Glauber v Ekstein*, 133 AD3d 713, 713 [2015]; *see Silva v Honeydew Cab Corp.*, 116 AD3d at 692).

Here, the defendants do not contend, as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]), that the plaintiff's excuse of law office failure was inadequate to excuse his default in opposing the defendants' motion (*see* CPLR 2005; *Estrada v Selman*, 130 AD3d at 563). Rather, the parties' arguments on appeal focus on whether the plaintiff established a potentially meritorious opposition to those branches of the defendants' motion which were to dismiss the second, third, and fourth causes of action on the ground that they are time-barred, and so much of the complaint as sought punitive damages.

The second cause of action sought to recover damages for breach of fiduciary duty. Contrary to the plaintiff's contention, the Supreme Court properly determined that the three-year limitations period of CPLR 214 (6), rather than the six-year limitations period of CPLR 213 (1), applied to this cause of action and that it was, therefore, time-barred (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139-140 [2009]; *Elmakies v Sunshine*, 113 AD3d 814, 815 [2014]; *cf. Loeuis v Grushin*, 126 AD3d 761, 764 [2015]). Since the plaintiff failed to demonstrate a potentially meritorious opposition to that branch of the defendants' motion, the Supreme Court properly declined to vacate so much of the June order as directed the dismissal of the second cause of action (*see generally Glauber v Ekstein*, 133 AD3d at 713; *U. Joon Sung v Feng Ue Jin*, 127 AD3d 740, 741 [2015]).

The Supreme Court also properly declined to vacate so much of the June order as directed the dismissal of so much of the complaint as sought punitive damages. Contrary to the plaintiff's contention, the complaint failed to set forth any facts or allegations to support his contention that the defendants committed a fraud "evincing a high degree of moral turpitude, and demonstrating such wanton dishonesty as to imply a criminal indifference to civil obligations . . . where the conduct [is] aimed at the public generally" (*Reads Co., LLC v Katz*, 72 AD3d 1054, 1057 [2010] [internal quotation marks omitted];

*see O'Keefe v Allstate Ins. Co.*, 90 AD3d 725, 726-727 [2011]; *Flores-King v Encompass Ins. Co.*, 29 AD3d 627, 627 [2006]). Accordingly, the plaintiff failed to demonstrate a potentially meritorious opposition to that branch of the defendants' motion.

However, the Supreme Court erred in declining to vacate so much of the June order as directed the dismissal of the third cause of action, alleging breach of contract, as time-barred. The plaintiff proffered a meritorious opposition to this branch of the defendants' motion. The third cause of action alleged that the defendants charged the plaintiff excessive fees in violation of the express terms of the parties' retainer agreement, stating a contract claim subject to the six-year limitations period of CPLR 213 (2). Contrary to the defendants' contention, the three-year limitations period of CPLR 214 (6) for legal malpractice claims does not apply here because the plaintiff made no claim that the defendants deviated from accepted standards of legal practice in the handling of his legal matters (*see Postiglione v Castro*, 119 AD3d 920, 922 [2014]; *Loria v Cerniglia*, 69 AD3d 583, 583 [2010]; *see generally Estrada v Selman*, 130 AD3d at 563; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.*, 28 AD3d 630, 630-631 [2006]).

Similarly, the Supreme Court erred in declining to vacate so much of the June order as directed the dismissal of the fourth cause of action, alleging fraud, as time-barred. The plaintiff proffered a meritorious opposition to this branch of the defendants' motion, demonstrating that this cause of action did not arise from the same facts as the legal malpractice cause of action, and that the complaint alleged distinct damages. Thus, the six-year limitations period of CPLR 213 (8) for fraud claims applies, rather than the three-year limitations period of CPLR 214 (6) (*see Minsky v Haber*, 74 AD3d 763, 764 [2010]; *see generally Estrada v Selman*, 130 AD3d at 563; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.*, 28 AD3d at 630-631).

In light of the foregoing, we remit this matter to the Supreme Court, Kings County, for a determination, on the merits, of those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the third and fourth causes of action following submission of opposition papers by the plaintiff (*see e.g. Estrada v Selman*, 130 AD3d at 563; *Maniscalco v Mount Sinai Med. Ctr.*, 128 AD3d 1029, 1030 [2015]; *Hogan v Schwartz*, 119 AD3d at 652; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.*, 28 AD3d at 630). Chambers, J.P., Austin, Miller and LaSalle, JJ., concur.