Longevity Medical Supply, Inc., as Assignee of JEANMARC RICHARDSON, Appellant,
against
State Farm Fire and Casualty Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carolyn E. Wade, J.), entered November 18, 2014. The order denied plaintiff's motion to vacate an order of the same court entered February 20, 2014 which had granted, as unopposed, defendant's motion for summary judgment dismissing the complaint and which had refused to consider, on the ground of untimeliness, plaintiff's cross motion for summary judgment.




ORDERED that the order entered November 18, 2014 is modified by providing that plaintiff's motion to vacate the order entered February 20, 2014 is granted to the extent of (1) vacating the portion of the February 20, 2014 order that granted the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon a claim for $494.67 and by providing that that branch of defendant's motion is denied, and (2) vacating the portion of the February 20, 2014 order that refused to consider, on the ground of untimeliness, the branch of plaintiff's cross motion seeking summary judgment on so much of the complaint as sought to recover upon the claim for $494.67; as so modified, the order is affirmed, without costs, and the matter is remitted to the Civil Court for a determination on the merits of the branch of plaintiff's cross motion seeking summary judgment on so much of the complaint as sought to recover upon the claim for $494.67.
In this action by a provider to recover assigned first-party no-fault benefits, the parties entered into a motion-schedule stipulation. Defendant subsequently moved for summary judgment dismissing the complaint on the ground that the assignor had breached a condition precedent to coverage by failing to appear at scheduled examinations under oath (EUOs). Plaintiff cross-moved for summary judgment and submitted papers in opposition to defendant's motion. In an order entered February 20, 2014, the Civil Court granted defendant's motion, stating that "[d]efendant's motion is granted as no timely opposition was served. Plaintiff's cross motion is not being considered because it was untimely. This action is hereby dismissed." Thereafter, plaintiff moved, among other things, to vacate the February 20, 2014 order. By order entered November 18, 2014, the Civil Court denied plaintiff's motion, stating that "[t]he opposition [and] cross motion on the underlying motion were untimely served, [and] the court refused to consider those papers based on the parties' briefing stipulation."
It is well settled that a party seeking, pursuant to CPLR 5015 (a) (1), to open its default in [*2]opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see Suede v Suede, 124 AD3d 869 [2015]; Shkolnik v Beyderman, 43 Misc 3d 143[A], 2013 NY Slip Op 52033[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see also D & R Med. Supply, Inc. v American Tr. Ins. Co., 35 Misc 3d 136[A], 2012 NY Slip Op 50785[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
The affirmation of plaintiff's attorney provided a detailed and credible showing of law office failure, which constituted an adequate excuse for plaintiff's default in timely opposing defendant's motion (see Estrada v Selman, 130 AD3d 562, 562-563 [2015]). Moreover, plaintiff submitted an affidavit by its medical billing supervisor, who stated that she had personally and timely mailed the $844.13, $502.63, and $494.67 claims to defendant, which showing was sufficient to give rise to a presumption that the claims had been timely mailed to, and received by, defendant (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]). Defendant's papers in opposition to plaintiff's motion to vacate the prior order, as well as in support of its motion for summary judgment dismissing the complaint, demonstrated that it had timely denied the $844.13 and $502.63 claims on the ground that the assignor had failed to appear at scheduled EUOs, and defendant stated that it had never received the $494.67 claim for the services plaintiff had rendered to its assignor on August 13, 2012. In her affidavit, plaintiff's supervisor stated, with respect to the three claims, that they "remain[] outstanding as the defendant failed to issue full payment for the aforementioned bill[s]." This statement does not rebut defendant's proof that it was entitled to summary judgment with respect to the $844.13 and $502.63 claims. Consequently, plaintiff failed to demonstrate a potentially meritorious opposition to the branches of defendant's motion seeking summary judgment with respect to these two claims. However, since plaintiff's affidavit was sufficient to give rise to the presumption that defendant had received the $494.67 claim, plaintiff demonstrated a meritorious opposition to the branch of defendant's motion seeking summary judgment with respect to that claim.
Accordingly, the order entered November 18, 2014 is modified by providing that plaintiff's motion to vacate the order entered February 20, 2014 is granted to the extent of (1) vacating the portion of that order that granted the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon a claim for $494.67 and by providing that that branch of defendant's motion is denied, and (2) vacating the portion of the February 20, 2014 order that refused to consider, on the ground of untimeliness, the branch of plaintiff's cross motion seeking summary judgment on so much of the complaint as sought to recover upon the claim for $494.67; as so modified, the order is affirmed and the matter is remitted to the Civil Court for a determination on the merits of the branch of plaintiff's cross motion seeking summary judgment on so much of the complaint as sought to recover upon the claim for $494.67.
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 20, 2017