Clinton Place Medical, P.C., as 
 Assignee of Luis Dominguez, Respondent,
against
Allstate Insurance Company, Appellant.




Bruno, Gerbino & Soriano, LLP, Mitchell L. Kaufman, Esq., for appellant.
Law Office Ilona Finkelshteyn, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), entered September 11, 2013. The order, insofar as appealed from as limited by the brief, denied defendant's motion to vacate a default judgment.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In September 2010, plaintiff commenced this action to recover assigned first-party no-fault benefits for supplies it had provided to its assignor for injuries the assignor had sustained in a motor vehicle accident on March 9, 2011. Defendant appeals from so much of an order of the Civil Court, entered September 23, 2013, as denied its motion to vacate a default judgment entered on January 12, 2012 pursuant to an order dated October 13, 2011 granting plaintiff's motion for summary judgment upon defendant's failure to submit written opposition papers.
In order to vacate the default judgment, defendant had to demonstrate a reasonable excuse for its failure to submit written opposition to plaintiff's motion for summary judgment and the existence of a potentially meritorious opposition to plaintiff's motion (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Estrada v Selman, 130 AD3d 562, 562 [2015]; Hogan v Schwartz, 119 AD3d 650, 651 [2014]). The determination [*2]of what constitutes a reasonable excuse for a default generally lies within the sound discretion of the motion court (see Scarlett v McCarthy, 2 AD3d 623 [2003]) and, in the exercise of its discretion, a court can accept a claim of law office failure as such an excuse (see CPLR 2005) if the facts submitted in support thereof are in evidentiary form and are sufficient to justify the default (see Dodge v Commander, 18 AD3d 943, 946 [2005]; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 554 [2001]). However, courts do not have to excuse a pattern of neglect which amounts to "a serious lack of concerned attention to the progress of [the] action" (Lauro v Cronin, 184 AD2d 837, 839 [1992]). In the case at bar, the record demonstrates a pattern of neglect which should not be excused (see Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d at 554). Consequently, the Civil Court did not improvidently exercise its discretion in denying defendant's motion to vacate the default judgment.
Accordingly, the order, insofar as appealed from, is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 31, 2017