Williams v Georgopoulos (2020 NY Slip Op 03142)





Williams v Georgopoulos


2020 NY Slip Op 03142


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-00728
 (Index No. 523/17)

[*1]Tarsha M. Williams, etc., et al., appellants,
v
Maria Georgopoulos, et al., respondents, et al., defendants.


Stuart Meltzer & Associates, P.C. (Norman A. Olch, New York, NY, of counsel), for appellants.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, New York, NY (Adonaid C. Medina of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiffs appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated November 30, 2018. The order granted the motion of the defendants Maria Georgopoulos and New York Methodist Hospital for leave to reargue (1) that branch of their prior motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them, which had been denied in an order the same court (Gloria M. Dabiri, J.) dated April 19, 2018, and (2) their opposition to the plaintiffs' prior cross motion for leave to amend the complaint, which had been granted in the order dated April 19, 2018, and, upon reargument, in effect, vacated the order dated April 19, 2018, and thereupon, granted that branch of the prior motion of the defendants Maria Georgopoulos and New York Methodist Hospital which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them, and denied the plaintiffs' prior cross motion for leave to amend the complaint.
ORDERED that the order dated November 30, 2018, is affirmed, with costs.
The plaintiff Tarsha M. Williams gave birth to her daughter in the first week of February 2014, at the defendant New York Methodist Hospital (hereinafter NYMH). On the date of the birth, the New York City Administration for Children's Services (hereinafter ACS) removed the child from Williams's custody after the defendant Maria Georgopoulos, an employee of NYMH, reported to ACS that Williams was not a fit mother. The child was returned to Williams's custody on February 20, 2014.
On February 21, 2017, the plaintiffs commenced this action against Georgopoulos, and NYMH (hereinafter together the defendants), among others, seeking damages for, inter alia, the defendants' allegedly false report to ACS. The defendants moved, among other things, to dismiss the complaint insofar as asserted against them, and the plaintiffs cross-moved for leave to amend the complaint to add causes of action to recover damages for negligence, negligence per se, breach of fiduciary duty, intentional infliction of emotional distress, and negligent hiring, supervision, and [*2]retention.
In an order dated April 19, 2018, the Supreme Court, Kings County (Gloria M. Dabiri, J.), denied the defendants' motion to dismiss the complaint insofar as asserted against them and granted the plaintiffs' cross motion for leave to amend the complaint. Due to Justice Dabiri's retirement, the matter was administratively reassigned to Justice Edwards. The defendants moved for leave to reargue that branch of their prior motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them and their opposition to the plaintiffs' cross motion for leave to amend the complaint. The Supreme Court granted leave to reargue and, upon reargument, granted that branch of the defendants' prior motion and denied the plaintiffs' cross motion on the ground that the plaintiffs' causes of action were time-barred. The plaintiffs appeal.
Contrary to the plaintiffs' contention, Justice Edwards had the authority to decide the defendants' motion for leave to reargue their prior motion to dismiss the complaint insofar as asserted against them and their opposition to the plaintiffs' prior cross motion for leave to amend the complaint because Justice Dabiri, who signed the order on the prior motion and cross motion, was unable to hear the motion (see CPLR 2221[a]; see also 22 NYCRR 202.8[a]). Contrary to the plaintiffs' contention, neither CPLR 9002 nor the doctrine of law of the case prevented Justice Edwards from granting the defendants' motion (see Matter of Quattrone v Erie 2-Chautauqua-Cattaraugus Bd. of Coop. Educ. Servs., 148 AD3d 1553, 1554).
We agree with the Supreme Court's determination that the plaintiffs' causes of action accrued on the date of the child's birth, when the defendants allegedly failed to investigate Williams's fitness and filed a false report with ACS (see Matter of Salomon v Town of Wallkill, 174 AD3d 720, 721-722; Bratge v Simons, 167 AD3d 1458, 1459-1460, Harrington v Suffolk County, 102 AD3d 923, 923-924). Since the plaintiffs filed their complaint more than three years after their causes of action accrued, their causes of action are barred by the applicable statutes of limitations (see CPLR 214[5]; 215[3]; Calamari v Panos, 131 AD3d 1088, 1090; Elmakies v Sunshine, 113 AD3d 814, 815). Contrary to the plaintiffs' contention, the continuing wrong doctrine does not apply here, because ACS's custody of the child from the date of birth to February 20 was a continuing effect of the defendants' earlier, allegedly negligent conduct, and not a series of independent, distinct wrongs (see Matter of Salomon v Town of Wallkill, 174 AD3d at 721-722; Bratge v Simons, 167 AD3d at 1460; Harrington v Suffolk County, 102 AD3d at 924).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for leave to reargue and, upon reargument, to grant that branch of the defendants' prior motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them and to deny the plaintiffs' prior cross motion for leave to amend the complaint.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court