**Munoz v Isabella Geriatric Ctr. Inc.**

2025 NY Slip Op 31334(U)

April 17, 2025

Supreme Court, New York County

Docket Number: Index No. 152490/2017

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 49M

-------------------------------------------------------------------X

JOSEPH MUNOZ,

                            Plaintiff,

                 - v -

ISABELLA GERIATRIC CENTER INC.,JANET TORRES

                       Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152490/2017 |
| **MOTION DATE** | 08/07/2024, 09/24/2024 |
| **MOTION SEQ. NO.** | 008 009 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 206, 207, 208, 209, 210, 213, 214, 221, 222, 224

were read on this motion to/for           REARGUMENT/RECONSIDERATION

The following e-filed documents, listed by NYSCEF document number (Motion 009) 215, 216, 217, 218, 219, 220, 223, 225

were read on this motion to/for           VACATE - DECISION/ORDER/JUDGMENT/AWARD

      Plaintiff Joseph Munoz, as Executor of the Estate of Maria Campoverde, brings this personal injury action against defendants Isabella Geriatric Center, Inc. (Isabella Center), a nursing home in which Campoverde was a patient, and defendant Janet Torres, an employee at Isabella Center at the relevant times. In two separate prior motions, defendants had moved for summary judgment/partial summary judgment. Torres' motion was granted in its entirety, and the complaint was dismissed as against her. Partial summary judgment was granted to Isabella Center's motion. Plaintiff failed to timely oppose the motions despite the several adjournments afforded him, and defendants' request to reject his untimely opposition was granted. Isabella Center now moves for reargument/clarification of the prior order (MS 008) and plaintiff moves to vacate the prior order, and upon consideration of plaintiff's opposition paper to defendants' respective summary judgment motions, deny the defendants' motions (MS 009).

      As explained below, Isabella Center's motion for reargument is granted only to the extent that on the SAC is reviewed; and upon reargument, its motion for

**152490/2017  MUNOZ, JOSEPH vs. ISABELLA GERIATRIC CENTER INC.**
**Motion No.  008 009**

                    Page 1 of 10

summary judgment on causes of action not previously considered and decided by this court's Decision and Order dated June 18, 2024, is denied. And plaintiff's motion to vacate the prior order is denied for failure to show a meritorious claim on the intentional tort claim against Torres and the attendant negligence claims against Isabelle Center.

*MS 008 – Motion for Reargument/Clarification*

<u>Facts</u>

The facts of this action are detailed in the prior order (see MS 008 – NYSCEF # 209, Decision and Order of this court dated June 18, 2024). Briefly, the relevant facts to this motion to reargue (MS 008) are as follows:

Maria Campoverde, who was 88 years of age[1] when she was admitted to Isabella Center on November 20, 2014, resided there under Isabella Center's care until June 12, 2017. This action arose from the following allegation. Plaintiff alleges that defendant Torres, who worked as a housekeeper, nurse, or nurse's aide at Isabella Center, pushed her from behind and caused her to fall on April 10, 2016, which caused a fracture to her femur. Thus, plaintiff files suit against Torres for this alleged intentional tort, and against Isabella Center for negligence among other claims.

Immediately prior to her admission to Isabella Center, Campoverde was at New York-Presbytarian Hospital (the Hospital), where she was diagnosed with dementia, moderately impaired cognition, type II diabetes, cataracts, chronic joint pain, frequent falls, chronic urinary tract infections (UTI), and dehydration, among other illnesses (NYSCEF # 118 – Hospital's medical records). The Hospital also assessed Campoverde as a "fall risk" with of score of 14 meaning "high risk for falls due to inability to get out of bed or chair without assistance . . . ." and had a history of falls (NYSCEF # 118 – Hospital records at 53-54). Per the history obtained by the Hospital from Campoverde's daughter, who was Campoverde's primary caregiver, Campoverde was "severely cognitively impaired (would know her name, but not place or time, and may or may not identify family members) requiring 24hr supervision by family at home. . . ." (Hospital Records at 66).

On April 10, 2016, while at Isabella Center, Campoverde fell while going to the bathroom. As a result, she sustained a fracture of the right distal femur. Plaintiff alleges that Torres pushed or bumped Campoverde causing her to fall and blames Isabella Center for failing to prevent Torres from doing so.

---

[1] While plaintiff states that Campoverde was 86 years old, all her medical records, including Isabella Center's, state that she was 88 years old.

**152490/2017 MUNOZ, JOSEPH vs. ISABELLA GERIATRIC CENTER INC.**
**Motion No. 008 009**

The only record that reflected Campoverde's claim about Torres pushing her and causing her to fall appears in the Hospital's Orthopedic Surgery Consult Note (Consult Note), which stated that "[Campoverde] normally uses a wheelchair for commute. [Campoverde] suffered a mechanical fall 2 days ago when she was using a RW to go to the bathroom without an aide when someone pushed her from behind. She landed directly onto her knee on the toilet" (NYSCEF # 118 at 238). The Consult Note also recorded that "no family member or healthcare provider could reliably relay the course of event for the patient at the time of interview" and noted that the history was obtained from electronic chart, records, the patient's daughter/granddaughter and the patient" (NYSCEF # 118 at 238).

Both Isabella Center and the Police Department separately conducted an investigation into Campoverde's claim that Torres pushed her. Both investigations found no violations or wrongdoing (NYSCEF # 143 – NYSDOH Investigation Records, bates stamped pages 65-66; NYSCEF # 145 – Police Report). Dr. Alcantara, a psychiatrist, was interviewed as part of the investigation. His psychiatric notes reported that the family believed Campoverde's allegations and denied Campoverde's history of dementia claiming that her memory is fine despite their previous accounts to him. The family denied Campoverde's history of dementia to the police. But Dr. Alcantara assessed Campoverde with a long-standing unremitting and worsening history of dementia, a history of behavioral disturbances, and depression. Dr. Alcantara testified that after the investigation, Campoverde's son, Ariosto Mendieta, who disagreed with and was upset about Dr. Alcantara's assessment on Campoverde's severe dementia, chased him down to not write down that assessment (NYSCEF # 152, Alcantara tr at 45-47).

Balanced with the Consult Note reflecting that the record of Campoverde's fall was not made by anyone who could "reliably relay" the cause of the accident, together with the investigation reports, along with Torres' evidence showing that she was indeed a housekeeper with no interaction with Campoverde as shown by Isabella Center's records and a witness (a nurse aiding Campoverde after the fall called out to Torres, who was down the hall to get another nurse) who observed both Campoverde and Torres around the time of the April 10, 2016 incident of Campoverde's fall. Torres' motion for summary judgment dismissing the complaint as against her was warranted. And because Isabella Center also established through records of its hiring practices and Torres' employment, which showed no complaints (except for occasional tardiness) (*see* NYSCEF # 146), Isabella Center was also granted summary judgment on the negligent supervision, hiring, and retention claim.

On October 25, 2016, Campoverde fell again in Isabella Center, which exacerbated the fracture to her right distal femur. [2] Plaintiff claims that

---

[2] Torres was no implicated in this incident.

**152490/2017 MUNOZ, JOSEPH vs. ISABELLA GERIATRIC CENTER INC.**
**Motion No. 008 009**

Page 3 of 10

3 of 10

[* 3]

Campoverde's multiple falls were due to defendants' negligence, lack of skill and reasonable care.

Campoverde was finally taken off the non-weight bearing status on November 9, 2016, and was given restorative physical therapy. And by January 20, 2017, her right femur fracture was healed without surgery (NYSCEF # 104 ¶¶ 39, 41). But despite the physical and occupational therapy, her functional status declined due to her progressive dementia (*id.* ¶ 42). She started to intermittently refuse to eat, thus, she was given nutritional supplements, snacks, and IV fluids. On May 7, 2017, Campoverde's family agreed to palliative care with Do-Not-Intubate and Do-Not-Resuscitate Orders. Campoverde passed away on June 12, 2017, with pneumonia due to or as a consequence of Alzheimer's disease as a cause of death, and diabetes as a contributing factor (*id.* ¶¶ 47-49).

Discussion

The prior order addressed MS 006, defendant Torres' motion for summary judgment "dismissing plaintiff's Complaint in its entirety as to her" (MS 006 - NYSCEF # 102, Notice of Motion). As to MS 007, defendant Isabella Center moved for

> "(a) partial Summary Judgment . . . dismissing the causes of action for Intentional Tort, Negligent Supervision, Hiring, and Retention, and Wrongful Death, along with all claims related to the incident of April 10, 2016, and all claims for punitive damages and attorney's fees associated with the action;
>
> (b) alternatively, in the event that Summary Judgment is not granted in its entirety with respect to either of the above-mentioned submissions, granting partial summary judgment with respect to either of the above-mentioned submissions, granting partial summary judgment, dismissing some or all of them . . . ."

(MS 007 – NYSCEF # 105, Notice of Motion; NYSCEF # 106, Atty's aff at 1).

Leave to reargue "shall be based upon matters of fact or law allegedly overlooked by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d]).

In Isabella Center's motion for summary judgment, the initial Verified Complaint was submitted in that motion sequence (*see* MS 007 – NYSCEF # 190). Notably, there is no cause of action for wrongful death and punitive damages in the initial Verified Complaint; rather these causes of action were alleged in the Second Amended Complaint (SAC).

**152490/2017  MUNOZ, JOSEPH vs. ISABELLA GERIATRIC CENTER INC.**
**Motion No.  008 009**

Page 4 of 10

[* 4]

The SAC was not offered in MS 007, the prior motion. Neither was Isabella Center's expert affirmation by Dr. Barbara Tommasulo.

Upon review on this motion to reargue, the NYSCEF record shows that the movant Isabella Center did not submit any complaint for the motion. It was plaintiff who supplied the Verified Complaint in MS 008 in his untimely submission opposing the motion.

In any event, Isabella Center seeks on reargument, dismissal of "all claims regarding the April 10, 2016 incident, which are included in plaintiff's First, Second, and Third Causes of Action; the Fourth Cause of Action for Negligent Supervision, Hiring, and Retention; the Fifth Cause of Action for Wrongful Death; and all claims for punitive damages and attorney's fees" (NYSCEF # 207, Isabella Center Aff in Support, ¶ 41).

But, the prior order granted "Isabella Center's motion for partial summary judgment dismissing the Third and Fourth Causes of Action, and the wrongful death claim and punitive damages as related to the April 16, 2016 incident of Campoverde's fall . . ." (prior order at 6). The Third Cause of Action in the Verified Complaint is for "personal injuries and intentional tort against defendants (MS 007 – NYSCEF 190 at 17 [all caps omitted]). The Fourth Cause of Action in the Verified Complaint is for "negligent supervision, hiring and retention against defendants" (*id.* at 19 [all caps omitted]). To clarify, the Third Cause of Action related to the April 10, 2016 incident of Campoverde's fall. Thus, these claims were dismissed in the prior order. The same causes of action in the SAC does not alter the outcome on these claims in its Third Cause of Action.

The prior order also dismissed the Fourth Cause of Action for negligent supervision, hiring and retention. This dismissal also does not alter the outcome for the same claims in SAC.

The First Cause of Action in the Verified Complaint is for negligence (MS 007 – NYSCEF 190 at 13). The claim is broad touching on *not only* just the allegations related to the April 16, 2016 incident of Campoverde's fall but also on "failing to develop, implement and train staff on proper and necessary facility policies and procedures; in failing to prevent injury and neglect of plaintiff; and in failing to follow statutory laws, rules, and regulations thereby resulting in negligence per se . . ." (*id.* at 15). Isabella Center's prior motion brief did not speak to this latter part of the claim; the prior order dismissed "all claims related to the incident of the April 16, 2016 incident of Campoverde's fall" (*see* prior order at 6). The Verified Complaint also did not speak to the additional allegation in First Cause of Action in the SAC alleging negligence related to Campoverde's diabetes and other illnesses. While Isabella Center, in its motion to reargue, claims that Dr. Tommasulo addressed those latter allegation in her expert affirmation, Dr. Tommasulo's

152490/2017  MUNOZ, JOSEPH vs. ISABELLA GERIATRIC CENTER INC.
Motion No.  008 009

Page 5 of 10

5 of 10

affirmation was not submitted in motion sequence 007, and thus was not before the court when MS 007 was addressed.

As to the second cause of action –Violation of Public Health Law § 2801-d – in the Verified Complaint and in the Amended Second Complaint, Isabella Center did not address this claim in the prior motion.

Further, Isabella Center submitted an affirmation in reply clarifying that "Isabella is not seeking dismissal of all claims. Rather Isabella is seeking an order dismissing claims sounding in Intentional Tort, in other words, all claims concerning the April 10, 2015 incident, which are outlined in Plaintiff's First and Third Causes of Action; the Fourth Cause of Action for Negligent Supervision, Hiring, and Retention . . . ." (NYSCEF # 196 – Reply aff). Indeed, even though Isabella Center's expert's affirmation was not reviewed in the prior order, Dr. Tommasullo, stated "[i]n conclusion, it is my opinion, that this matter should be dismissed as to JANET TORRES, and *partially dismissed* as to Isabella . . . ." (MS 008 – NYSCEF # 200, Tommasulo aff at 21 [emphasis supplied]).

In sum, Isabella Center was granted its motion for, as stated in its notice of motion and brief: "(a) partial Summary Judgment . . . dismissing the causes of action for Intentional Tort, Negligent Supervision, Hiring, and Retention, and Wrongful Death, along with all claims related to the incident of April 10, 2016[.]" The punitive damages and attorney's fees were not granted in the prior order as punitive damages were not in the complaint submitted with the motion, and a request for attorney's fees is premature for a partial summary judgment.

As a result, Isabella Center's motion to reargue is granted only to the extent that that the SAC is reviewed in place of the Verified Complaint regarding Isabella Center's motion for summary judgment. What remains of Isabella Center's prior motion – based on the SAC – are allegations of negligence that do not concern the intentional tort, negligent supervision, hiring, and retention, and wrongful death as related to the April 10, 2016 incident; the second cause of action for violation of Public Health Law § 2801-D; and the fifth cause of action for wrongful death (*see* NYSCEF # 46 2nd AC at 20-21).

*MS 009 – Plaintiff's Motion to Vacate Prior Order*

Plaintiff asserts that the primary reason for the late filing was the delay in receiving the expert affirmation from Dr. Starer, an event "not entirely within plaintiff's control" (*id.* ¶¶ 10-13). As proof of plaintiff's attempts to promptly obtain the affirmation—which was filed with the opposition on February 16, 2024— plaintiff presents two emails from plaintiff's counsel to Dr. Starer on January 24 and February 8, 2024; and Dr. Starer's response email with the expert affirmation attached on February 15, 2024 (NYSCEF #s 218, 219 – Emails between Pltf's

**152490/2017   MUNOZ, JOSEPH vs. ISABELLA GERIATRIC CENTER INC.**
**Motion No.  008 009**

Page 6 of 10

6 of 10

[* 6]

Counsel and Dr. Starer). Plaintiff contends that waiting for essential expert materials constitutes a reasonable excuse (NYSCEF # 216 ¶ 14). Further, plaintiff maintains that the submitted expert affidavit from a board-certified physician demonstrates a potentially meritorious opposition to the defendants' motion for summary judgment (*id.* ¶ 20). Plaintiff emphasizes the judicial preference for resolving cases on their merits and assert the absence of willful delay or prejudice to the defendants (*id.* ¶¶ 23-25).

Both defendants oppose plaintiff's motion to vacate arguing that plaintiff has demonstrated neither a meritorious opposition nor a reasonable excuse for default (NYSCEF # 223, Defts' Opp Aff, ¶ 2). Defendants contend that plaintiff's claim rests on unsubstantiated "speculation," and the expert's qualified opinion is "insufficient" to create a triable issue of fact (*id.* ¶ 4). As to the excuse for the late filing, defendants highlight that plaintiff received four adjournments, with a final opposition deadline of January 19, 2024, yet the opposition was filed nearly a month later without leave of court (*id.* ¶ 5). And the emails with the expert that plaintiff provided were dated after the January 19, 2024 final deadline (*id.* ¶ 6). Defendants further argue that plaintiff has failed to adequately explain their failure to file a timely opposition or provide a credible account of any "law office failure" (*id.* ¶ 7).

In reply, plaintiff reiterates that the relevant standard for vacating the order at this stage is the existence of a potentially meritorious opposition, which plaintiff believes is established by the physician's detailed affirmation (NYSCEF # 225, Pltf's Reply Aff, ¶ 3). Plaintiff maintains that waiting for an expert affirmation is a valid and routinely accepted reasonable excuse for a delay and the emails demonstrate the timing of the expert's submission and refute any suggestion of a dilatory tactic (*id.* ¶¶ 4-6). Therefore, plaintiff's counsel argues that penalizing plaintiff for the expert's delay would be unjust, and the defendants do not demonstrate how they would be prejudiced (*id.* ¶ 7).

Discussion

To prevail on a motion to vacate a prior order made on plaintiff's failure to timely oppose a motion, the plaintiff must show a reasonable excuse for the default and a meritorious opposition to the motion (*Hogan v Schwartz*, 119 AD3d 650, 651 [2d Dept 2014]; *see DeFazio v Berley Realty Corp.*, 259 AD2d 266, 266 [1st Dept 1999]).

As recounted in the Prior Order, plaintiff's opposition to the motions for summary judgment was initially due on November 2, 2023 but was ultimately submitted on February 16, 2024, without leave of court and after five adjournments (*see* NYSCEF # 201 at 4, citing NYSCEF #s 102 & 105). Plaintiff offers two reasons for the delay: waiting for their expert's affirmation, which constitutes law office

**152490/2017  MUNOZ, JOSEPH vs. ISABELLA GERIATRIC CENTER INC.**
**Motion No.  008 009**

Page 7 of 10

7 of 10

[* 7]

failure (*id.*); and the attorney's wedding abroad from January 15 to 29, 2024 (MS 009 – NYSCEF # 216, pltf's aff ¶¶ 10, 12, 15-19).

Regarding the expert, plaintiff submits two emails requesting the affirmation, but both emails were dated after the final deadline (NYSCEF #s 218, 219). This limited documentation fails to provide a sufficiently detailed account of the efforts made to secure the expert affirmation in a timely manner, particularly given the multiple extensions already granted (*see Cornwall Warehousing, Inc. v Lerner*, 171 AD3d 540, [1st Dept 2019] [holding that where law office's failure is the excuse, it must be explained by the attorney in detail]). And as to the attorney's wedding abroad, given that counsel should have known in advance the date of *his own wedding*, he had ample opportunity to alert the court and opposing counsel when the deadline was proposed. Instead, he agreed and even *stipulated* to a date in the middle of his absence. But, perhaps he did not know of his wedding date then.

Whether the reasons by plaintiff's counsel for their untimely submission of opposition constitutes good cause or acceptable law office error is debatable. But, the one thing that out-balances this debate is the prejudice to the plaintiff. Thus, the focus turns to plaintiff's argument on the merits of his opposition.

While plaintiff claims that his "expert affirmation provides a potentially meritorious opposition to defendant's summary judgment motion" (MS 009 – NYSCEF # 216, pltf's atty's aff ¶20), it does not.

As discussed in the prior order, the court briefly reviewed Dr. Starer's affirmation (MS 007 - NYSCEF # 189) and found it contained "errors and misstatements such that is doubtful that consideration of the opposition papers would be helpful to plaintiff" (MS 007 - NYSCEF # 201, prior order at 5). The errors in the affirmation that were previously found in the prior order are presented here:

(i)     "plaintiff's reference to Campoverde by a completely different name"[3] (MS 007 - NYSCEF # 187, pltf's aff in opp ¶ 2);

(ii)    "the reduction of Campoverde's age by both plaintiff's counsel and medical expert despite the availability of her age throughout the medical records from both the hospital and Isabella Center – Campoverde, born in 1926, was 88 years old, not 86 as plaintiff asserts, when she was admitted to Isabella Center on November 20, 2014" (NYSCEF # 181, Pltf's Counter Statement of Facts ¶ 1; NYSCEF # 182, Expert Aff ¶ 8);

---

[3] The different name along with different dates refer to: "personal injuries sustained by Marjorie Lazar from January 2014 through and up until her death on December 2015"; Campoverde sustained her injury on April 10, 2016; and she died on June 12, 2017.

**152490/2017   MUNOZ, JOSEPH vs. ISABELLA GERIATRIC CENTER INC.**
**Motion No.  008 009**

Page 8 of 10

8 of 10

[* 8]

(iii) "the medical expert's significant misstatement - that after the investigation into the allegation involving Torres, the Director of Nursing, Miriam Paul, 'concluded that abuse occurred' (*id.* ¶ 51 citing NYSCEF 143, Exhibit M, Investigative Report at 68, 69) - in fact, the finding was 'No evidence of abuse/neglect' (NYSCEF # 143 at 68) and 'Ms. Paul did *not* find any abuse by anyone . . .' (*id.* at 69 [emphasis supplied]); and

(iv) the medical expert's legal conclusions that punitive damages are warranted in this case (NYSCEF # 182 ¶ 91)."

(NYSCEF # 201, prior order at 5). In sum, Dr. Starer's report was accorded little weight. Given these and other deficiencies, plaintiff has not sufficiently demonstrated a potentially meritorious claim regarding Campoverde's April 10, 2016 incident of her fall.

However, while the complaint against defendant Torres is dismissed in its entirety (MS 006), the same cannot be said about defendant Isabella Center (MS 007). The remaining claims against Isabella Center are the negligence action in the first cause of action – except for the allegations regarding the April 10, 2016 incident; the second cause of action for violation of Public Laws § 2801-d, and the fifth cause of action for wrongful death. These claims remain because the prior order did not consider these claims because the crucial documents were not filed in motion sequence 007 and/or there were no arguments regarding them.

Conclusion

For the foregoing reasons, it is hereby

ORDERED that defendant Isabella Geriatric Center Inc's motion pursuant to CPLR 2221(d) to reargue or clarify the court's Prior Decision and Order dated June 18, 2024 (MS 008) is granted, and upon reargument, its motion for summary judgment on the remaining causes of action (the second cause of action for violation of Public Health Law § 2801-D; and the fifth cause of action for wrongful death) not previously considered by this court's Order dated June 18, 2024) is denied; and it is further

ORDERED that the plaintiff Joseph Munoz's motion pursuant to CPLR § 5015(a) to vacate this court's Decision and Order dated June 18, 2024 (MS009) is denied as to those cause of action that were addressed on the June 18, 2024 action (the intentional tort claim against defendant Torres and the negligent hiring, retention, or any claims related to the April 10, 2016 incident of the decedent's fall); and it is further

ORDERED that defendant Isabella Geriatric Center Inc. shall serve a copy of this Decision and Order with notice of entry within 20 days on the Clerk of the

152490/2017  MUNOZ, JOSEPH vs. ISABELLA GERIATRIC CENTER INC.          Page 9 of 10
Motion No.  008 009

9 of 10

Court in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page and on the court's website).

This constitutes the Decision and Order of the court.

| 4/17/2025 | | | | | MARGARET A. CHAN, J.S.C. | |
|-----------|---|---|---|---|---|---|
| DATE | | | | | | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE | |

152490/2017   MUNOZ, JOSEPH vs. ISABELLA GERIATRIC CENTER INC.
Motion No.  008 009

Page 10 of 10

[* 10]