■ YOLANDA HERRERA, Appellant, v MTA BUS COMPANY, Respondent. [954 NYS2d 631]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite-Nelson, J.), dated September 22, 2011, which denied her motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated November 24, 2010, granting the defendant's unopposed motion for summary judgment dismissing the complaint.

Ordered that the order dated September 22, 2011, is affirmed, with costs.

To vacate her default in opposing the defendant's motion for summary judgment dismissing the complaint, the plaintiff was required to demonstrate a reasonable excuse for her default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Tsikotis v Pioneer Bldg. Corp.*, 96 AD3d 936, 936 [2012]; *Walker v Mohammed*, 90 AD3d 1034, 1034 [2011]; *Roche v City of New York*, 88 AD3d 978, 979 [2011]; *Casali v Cyran*, 84 AD3d 711, 711 [2011]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]). Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court (*see Walker v Mohammed*, 90 AD3d at 1034; *SS Constantine & Helen's Romanian Orthodox Church of Am. v Z. Zindel, Inc.*, 44 AD3d 744, 745 [2007]), and the Supreme Court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005) where that claim is supported by a " 'detailed and credible' " explanation of the default at issue (*Swensen v MV Transp., Inc.*, 89 AD3d 924, 925 [2011], quoting *Henry v Kuveke*, 9 AD3d 476, 479 [2004]).

Here, the plaintiff failed to establish a reasonable excuse for her default in opposing the defendant's motion for summary judgment. Her claim of law office failure was conclusory and unsubstantiated and, under the circumstances presented here, did not constitute a reasonable excuse for her default (*see Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]). Since the plaintiff failed to demonstrate a reasonable excuse for her default, it is unnecessary to determine whether she demonstrated the existence of a potentially meritorious opposition to the motion (*see generally Wells Fargo Bank, N.A. v Cervini*, 84 AD3d at 790; *HSBC Bank USA, N.A. v Roldan*, 80 AD3d 566, 567 [2011]; *see also Tsikotis v Pioneer Bldg. Corp.*, 96 AD3d at 936). Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the order dated November 24, 2010. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.