◾ Galyna Turko, Appellant, v Daffy's, Inc., et al., Respondents. [974 NYS2d 126]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jaeger, J.), dated February 9, 2011, which denied her motion, in effect, to vacate an order of the same court (McCarty III, J.) dated August 23, 2010, granting, without opposition, the defendants' respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

Ordered that the order dated February 9, 2011, is affirmed, with one bill of costs.

The defendants separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. After the parties stipulated to adjourn the motions for approximately one month, the motion support clerk of the Supreme Court mistakenly marked the motions fully submitted, rather than adjourned. The court granted the defendants' motions, but its order was dated after the stipulated adjournment date. The plaintiff had not submitted opposition papers by the stipulated adjournment date or sought a further adjournment of the motions. Several months later, the plaintiff moved, in effect, to vacate the order granting the defendants' motions for summary judgment. The Supreme Court denied the motion, and the plaintiff appeals.

To vacate the order entered on her default in answering the defendants' motions for summary judgment, the plaintiff was required to demonstrate a reasonable excuse for her default and a potentially meritorious opposition to the motions (see CPLR 5015 [a] [1]; *Herrera v MTA Bus Co.*, 100 AD3d 962, 963 [2012]; *Tsikotis v Pioneer Bldg. Corp.*, 96 AD3d 936, 936 [2012]; *Walker v Mohammed*, 90 AD3d 1034, 1034 [2011]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]). The determination of whether a proffered excuse is reasonable rests within the sound discretion of the Supreme Court (see *Herrera v MTA Bus Co.*, 100 AD3d at 963; *Walker v Mohammed*, 90 AD3d at 1034). Here, the stipulation adjourning the defendants' motions for summary judgment would have provided the plaintiff with a reasonable excuse for her failure to submit opposition papers by the original return date, but only if she had filed the opposition papers in accordance with the stipulated adjournment date (*cf. Henry v Kuveke*, 9 AD3d 476, 479 [2004]). Having failed to file papers in opposition to the defendants' motions, the plaintiff may not rely on the clerk's error as a reasonable excuse for defaulting on the motions. The plaintiff's additional assertion that ongoing settlement negotiations excused her failure to answer the defendants' motions is without merit (see *Kouzios v*

*Dery*, 57 AD3d 949, 950 [2008]; *Antoine v Bee*, 26 AD3d 306, 306 [2006]). In light of the plaintiff's failure to provide a reasonable excuse for her default in opposing the defendants' motions for summary judgment, we need not evaluate whether the plaintiff demonstrated that she had a potentially meritorious opposition to the motions (*see Herrera v MTA Bus Co.*, 100 AD3d at 963; *Antoine v Bee*, 26 AD3d at 306).

The plaintiff's remaining contentions are raised for the first time on appeal and, therefore, are not properly before this Court (*see Matter of Hurston v Southlea*, 91 AD3d 952 [2012]).

Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion to vacate its order granting the defendants' motions for summary judgment on default (*see Herrera v MTA Bus Co.*, 100 AD3d at 963; *Glukhman v Bay 49th St. Condominium, LLC*, 100 AD3d 594, 595-596 [2012]). Mastro, J.P., Balkin, Sgroi and Hinds-Radix, JJ., concur.