U.S. Bank, N.A. v Turizo (2020 NY Slip Op 04991)





U.S. Bank, N.A. v Turizo


2020 NY Slip Op 04991


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2019-03694
 (Index No. 10628/13)

[*1]U.S. Bank, N.A., etc., respondent,
v
Juan Turizo, appellant, et al., defendants.


Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Marissa Banez of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Juan Turizo appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 5, 2019. The order denied the motion of the defendant John Turizo pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In August 2013, the plaintiff commenced this action to foreclose a mortgage encumbering real property owned by the defendant Juan Turizo (hereinafter the defendant). The defendant failed to timely answer the complaint. In an order dated February 24, 2015, the Supreme Court released the action from the residential foreclosure conference part, and directed the plaintiff "to proceed with the action." In November 2018, the defendant moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The plaintiff opposed the defendant's motion on the ground that it had a reasonable excuse for its delay in seeking a default judgment, as well as a potentially meritorious cause of action. In an order entered February 5, 2019, the court denied the defendant's motion. The defendant appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint . . . may be excused if sufficient cause is shown why the complaint should not be dismissed'" (Giglio v NTIMP, Inc., 86 AD3d 301, 308, quoting CPLR 3215[c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d at 308; see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 751). The determination of whether there is a reasonable excuse is a matter left to the sound discretion of the Supreme Court (see Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874, 876).
Here, the Supreme Court providently exercised its discretion in denying the defendant's motion. The plaintiff proffered a reasonable excuse for the delay in seeking leave to enter a default judgment and demonstrated the existence of a potentially meritorious cause of action (see Select Portfolio Servicing, Inc. v Marshall, 173 AD3d 1097; Bank of N.Y. Mellon v Adago, 155 AD3d 594, 595). Accordingly, we agree with the court's determination to deny the defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him.
SCHEINKMAN, P.J., BALKIN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court