Bsd 253, LLC v Wilmington Sav. Fund Socy., FSB (2020 NY Slip Op 05179)





Bsd 253, LLC v Wilmington Sav. Fund Socy., FSB


2020 NY Slip Op 05179


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-02686
 (Index No. 504659/16)

[*1]BSD 253, LLC, respondent, 
v
Wilmington Savings Fund Society, FSB, etc., appellant. Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.


Menashe & Associates, LLP, Montebello, NY (Shoshana Schneider and Chezki Menashe of counsel), for respondent.



DECISION & ORDER
In an action to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated December 26, 2018. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate its default in opposing the plaintiff's motion for summary judgment on the complaint, to strike the defendant's affirmative defenses, and to discharge the mortgage.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 4, 2009, the defendant's predecessor in interest, OneWest Bank, FSB (hereinafter OneWest), commenced an action (hereinafter the foreclosure action) to foreclose the subject mortgage. The borrower defaulted in answering the complaint or otherwise appearing in the action, and, on November 16, 2012, the foreclosure court issued an order of reference. In February 2014, the foreclosure court conditionally dismissed the foreclosure action pursuant to CPLR 3216 unless OneWest filed a note of issue or otherwise proceeded by motion for entry of judgment within 90 days. On June 5, 2014, the foreclosure action was dismissed "as per 90 day order."
By deed dated July 21, 2014, the plaintiff acquired title to the subject property from the borrower. On March 29, 2016, the plaintiff commenced this action pursuant to RPAPL 1501(4) against the defendant, seeking to cancel and discharge of record the subject mortgage. After issue was joined, the plaintiff moved, in April 2017, for summary judgment on the complaint, to strike the defendant's answer, and to cancel and discharge of record the subject mortgage.
On July 27, 2017, OneWest moved, in the foreclosure action, to vacate the dismissal of the foreclosure action and to restore that action to the calendar. The following day, the defendant filed an emergency order to show cause seeking, inter alia, a stay of the plaintiff's summary judgment motion pending determination of OneWest's motion in the foreclosure action. In an interim order dated December 26, 2017, the Supreme Court temporarily stayed the plaintiff's motion until February 14, 2018—the return date on the plaintiff's motion as well as the defendant's motion. In the same order, the court directed the parties to serve all opposition papers no later than five days prior to the return date.
By order dated February 16, 2018, the Supreme Court, inter alia, denied the defendant's motion in its entirety, granted the plaintiff's motion, among other things, for summary [*2]judgment on the complaint upon the defendant's failure to file opposition papers, and discharged the subject mortgage.
On April 13, 2018, the defendant moved, inter alia, to vacate its default in opposing the plaintiff's summary judgment motion. By order dated December 26, 2018, the Supreme Court, among other things, denied that branch of the motion, and the defendant appeals.
"In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705 [internal quotation marks omitted]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (HSBC Bank USA, N.A. v Frank, 175 AD3d 627, 628 [internal quotation marks omitted]).
Here, the "reasonable excuse" proffered by the defendant was that the temporary stay of the plaintiff's summary judgment motion effectively precluded it from submitting any opposition prior to February 14, 2018. However, that assertion is "clearly refuted by the evidence" (Matter of Fotiades, 38 AD3d 892, 892), including the terms of the Supreme Court's interim order dated December 26, 2017, which directed the parties to file opposition papers no later than five days prior to February 14, 2018.
The defendant's remaining contentions set forth in Points I and III of its brief, raised for the first time on appeal, are not properly before this Court.
Since the defendant failed to demonstrate a reasonable excuse for its default, it is unnecessary to consider whether it demonstrated a potentially meritorious opposition to the motion (see HSBC Bank USA, N.A. v Coronel, 174 AD3d 689; Hudson City Sav. Bank v Bomba, 149 AD3d at 705).
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court