Rizzo v Gmes, LLC (2021 NY Slip Op 00444)





Rizzo v Gmes, LLC


2021 NY Slip Op 00444


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-02291
 (Index No. 5302/15)

[*1]Frank Rizzo, appellant, 
v
Gmes, LLC, etc., et al., respondents.


Gold, Benes, LLP, Bellmore, NY (Christopher J. Benes and Karen C. Higgins of counsel), for appellant.
Kennedys CMK, New York, NY (Nitin Sain of counsel), for respondent GMES, LLC.
Law Offices of Tromello and Fishman, Melville, NY (Emily E. Shearer of counsel), for respondent Dutton-Lainson Company.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered January 16, 2019. The order denied the plaintiff's motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court dated April 25, 2018, directing dismissal of the complaint, and to restore the action to the calendar.
ORDERED that the order entered January 16, 2019, is affirmed, with one bill of costs.
The plaintiff commenced this action to recover damages for personal injuries in June 2015. From the outset of the litigation, the plaintiff was delinquent in providing discovery responses, and repeatedly submitted late, incomplete, and/or incoherent discovery responses, which required the defendants to file multiple discovery demands and motions to compel. At a compliance conference in February 2018, the parties entered into a so-ordered stipulation wherein the plaintiff agreed to furnish a supplemental bill of particulars and various expert witness disclosure, and to serve his own post-EBT discovery demands. The plaintiff, however, failed to comply with the February 2018 so-ordered stipulation. Accordingly, the defendant Dutton-Lainson Company moved to preclude the plaintiff from offering evidence at trial, while the defendant GMES, LLC, moved to strike the complaint. The plaintiff did not oppose the motions and, by order dated April 25, 2018, the Supreme Court directed dismissal of the complaint.
In October 2018, the plaintiff moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the April 25, 2018 order and to restore the action to the calendar. The defendants opposed the motion, noting the plaintiff's repeated willful discovery failures. By order entered January 16, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's motion, inter alia, to vacate the April 25, 2018 order and to restore the action to the calendar. "A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Matthews v Vivero, __ AD3d __, __, 2020 NY Slip Op 07880, *__ [2d Dept]; see CPLR 5015[a][1]). Whether an excuse is reasonable is a determination that rests within the sound discretion of the Supreme Court (see Herrera v MTA Bus Co., 100 AD3d 962, 963).
Here, we agree with the Supreme Court that the plaintiff failed to establish a reasonable excuse for his default, as his claim of law office failure was unsubstantiated and inadequate. Since the plaintiff failed to demonstrate a reasonable excuse for his default, it is unnecessary to determine whether he demonstrated a potentially meritorious opposition to the motions (see generally Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 790; HSBC Bank USA, N.A. v Roldan, 80 AD3d 566, 567).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion.
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court