Shafai Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co. (2022 NY Slip Op
50907(U))

[*1]

Shafai Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co.

2022 NY Slip Op 50907(U) [76 Misc 3d 131(A)]

Decided on August 19, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 19, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-650 K C

Shafai Acupuncture, P.C., as Assignee of
King, Michael, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E.
Roper, J.), dated August 6, 2021. The order (1) denied plaintiff's motion to, in effect, deem its
service of process on defendant on April 3, 2018 as having satisfied so much of an order of the
Civil Court dated November 14, 2019 as directed plaintiff to serve defendant within 30 days, (2)
sua sponte dismissed the complaint with prejudice based on a finding that plaintiff had not
complied with that portion of the November 14, 2019 order, and (3) denied as moot defendant's
cross motion to dismiss the complaint based on res judicata.

ORDERED that, on the court's own motion, so much of the notice of appeal as is from so
much of the order as, sua sponte, dismissed the complaint with prejudice is deemed an
application for leave to appeal from that portion of the order, and leave to appeal is granted
(see CCA 1702 [c]); and it is further,
ORDERED that the order is reversed, with $30 costs, so much of the order as, sua sponte,
dismissed the complaint with prejudice based on a finding that plaintiff had not complied with so
much of an order of the Civil Court dated November 14, 2019 as directed plaintiff to serve
defendant within 30 days is vacated, plaintiff's motion to, in effect, deem its service of process
upon defendant on April 3, 2018 as having satisfied that portion of the November 14, 2019 order
is granted, and defendant's cross motion to dismiss the complaint based on res judicata is
granted.
On March 24, 2017, plaintiff commenced this action (see CCA 400) to recover
assigned [*2]first-party no-fault benefits. Plaintiff alleged that it
served defendant with the summons and complaint on April 6, 2017. Defendant did not appear or
answer, and, by order entered November 6, 2017, the Civil Court awarded plaintiff a default
judgment. In January 2018, defendant moved to vacate the default judgment. By order dated
November 14, 2019, the Civil Court granted defendant's motion to vacate the default judgment
and directed plaintiff to "effectuate proper service" of the summons and complaint within 30 days
of the order. Plaintiff then moved by order to show cause, signed on November 26, 2019, to, in
effect, deem an alleged April 3, 2018 service of the summons and complaint upon defendant as
having satisfied plaintiff's obligation to "effectuate proper service" within 30 days of the
November 14, 2019 order. The November 26, 2019 order to show cause stayed the action
pending a final determination of the motion. Defendant opposed plaintiff's motion, asserting that
the April 3, 2018 service attempt was untimely, and cross-moved, in the event plaintiff's motion
was granted, to dismiss the complaint pursuant to CPLR 3211 (a), on the ground that the action is
barred by the doctrines of res judicata and collateral estoppel based on a declaratory judgment of
the Supreme Court, Nassau County, entered on May 20, 2019. The declaratory judgment, which
was attached to defendant's moving papers, declared that "Shafai Acupuncture [plaintiff herein]
has no right to receive payment for [the bills at issue in the instant action, among others] because
Shafai Acupuncture failed and/or refused to appear for Examinations Under Oath requested by
STATE FARM, and thus breached a condition of coverage and violated its obligations under the
New York No-Fault Laws." By order dated August 6, 2021, the Civil Court denied plaintiff's
motion, sua sponte dismissed the complaint with prejudice upon a finding that "Plaintiff failed to
properly effectuate service within thirty days of Decision/Order dated November 14, 2019 as
directed," and denied defendant's cross motion as moot.
While no appeal as of right lies from the sua sponte portion of the August 6, 2021 order
(see CCA 1702 [a] [2]; Sholes v Meagher, 100 NY2d 333 [2003]), we deem the
notice of appeal to be an application for leave to appeal from that portion of the order and grant
plaintiff's application (see CCA 1702 [c]). We agree with plaintiff's argument on appeal
that, at the time of the Civil Court's August 6, 2021 order, the 30-day period that the Civil Court's
November 14, 2019 order gave plaintiff to effectuate service had not yet expired due to the stay
contained in plaintiff's November 26, 2019 order to show cause. Consequently, so much of the
August 6, 2021 order as, sua sponte, dismissed the complaint with prejudice for failure to
effectuate service within the time frame set forth in the November 14, 2019 order is vacated.
With respect to plaintiff's motion, it is undisputed that plaintiff commenced this action on
March 24, 2017, and that the attempted service on April 3, 2018 occurred after the expiration of
the 120-day time period allotted by CPLR 306-b (see CCA 403). However, by giving
plaintiff 30 days to effectuate service in the November 14, 2019 order, the Civil Court implicitly
found that an extension of time for service was warranted under CPLR 306-b. In our opinion,
under the circumstances presented, the Civil Court should have deemed plaintiff's April 3, 2018
service as satisfying the service that plaintiff had been directed to effectuate in the November 14,
2019 order.
In view of the foregoing, defendant's cross motion pursuant to CPLR 3211 (a) to dismiss the
complaint on the ground that the action is barred by the doctrines of res judicata and collateral
estoppel is no longer moot. In lieu of remitting the cross motion to the Civil Court for [*3]a new determination thereof, we review the cross motion in the
interest of judicial economy (see S
& J Serv. Ctr., Inc. v Commerce Commercial Group, Inc., 178 AD3d 977, 979
[2019]; Bonafede v Bonito, 145
AD3d 842, 843-844 [2016]).
In light of the May 20, 2019 declaratory judgment, defendant's cross motion to dismiss the
complaint should have been granted based on the doctrine of res judicata (see Wave Med. Servs., P.C. v Farmers New
Century Ins. Co., 67 Misc 3d 137[A], 2020 NY Slip Op 50555[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2020]; Healing Art Acupuncture, P.C. v 21st Century Ins. Co., 59 Misc 3d
139[A], 2018 NY Slip Op 50583[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]; EBM Med. Health Care, P.C. v
Republic W. Ins., 38 Misc 3d 1, 3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2012]), as any judgment in favor of plaintiff in the present action would destroy or impair rights
or interests established by the judgment in the declaratory judgment action (see Schuylkill
Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Flushing Traditional
Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Accordingly, the order is reversed, so much of the order as, sua sponte, dismissed the
complaint with prejudice based on a finding that plaintiff had not complied with so much of an
order of the Civil Court dated November 14, 2019 as directed plaintiff to serve defendant within
30 days is vacated, plaintiff's motion to, in effect, deem its service of process upon defendant on
April 3, 2018 as having satisfied that portion of the November 14, 2019 order is granted, and
defendant's cross motion to dismiss the complaint based on res judicata is granted.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 19, 2022