Himalayans Acupuncture, P.C. v GEICO Cas. Co. (2022 NY Slip Op
50904(U))

[*1]

Himalayans Acupuncture, P.C. v GEICO Cas. Co.

2022 NY Slip Op 50904(U) [76 Misc 3d 131(A)]

Decided on August 19, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 19, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-46 K C

Himalayans Acupuncture, P.C., as Assignee
of Sergey Gerasimovich, Artour Martirossian, Pavel Shakhlevich and Vladimir Stilbans,
Appellant,
against
GEICO Casualty Company, Respondent. 

Petre and Associates, P.C. (Damin J. Toell of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Patria
Frias-Colón, J.), dated November 10, 2020. The order, insofar as appealed from, (1)
granted defendant's motion to vacate a prior order of that court (Michael Gerstein, J.) entered
May 15, 2019 granting, on default, plaintiff's motion for summary judgment, (2) granted the
branches of defendant's "cross motion" seeking summary judgment dismissing so much of the
complaint as sought to recover on claims numbered 1, 2, 4, 5, 11, 12 and 13, and (3) upon
denying the branches of defendant's "cross motion" seeking summary judgment dismissing so
much of the complaint as sought to recover on claims numbered 3, 6, 7, 8, 9 and 10, made CPLR
3212 (g) findings in defendant's favor.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved
for summary judgment. Defendant failed to submit written opposition to the motion and the Civil
Court (Michael Gerstein, J.), by order entered May 15, 2019, granted plaintiff's motion on
default. By order to show cause dated May 17, 2019, defendant moved to vacate its default and
"cross-moved" for summary judgment dismissing the complaint. The Civil Court (Patria
Frias-Colón, J.), by order dated November 10, 2020, (1) granted the motion to vacate the
May 15, 2019 order, (2) granted the branches of defendant's "cross motion" seeking to dismiss so
much of [*2]the complaint as sought to recover on claims
numbered 1, 2, 4, 5, 11, 12 and 13, finding that defendant had established the timely mailing of
the examination under oath (EUO) scheduling letters, plaintiff's failure to appear at the two
scheduled EUOs, and the timely mailing of NF-10 denial of claim forms which denied those
claims based on plaintiff's failure to appear, and (3) denied the branches of defendant's "cross
motion" seeking to dismiss so much of the complaint as sought to recover on claims numbered 3,
6, 7, 8, 9 and 10, finding that defendant had established the timely mailing of its denials of those
claims and that the only issue to be determined at trial is the application of the appropriate fee
schedule to those claims. On appeal, plaintiff contends that defendant's motion to vacate the May
15, 2019 order should have been denied because defendant failed to establish a reasonable excuse
for its default based on law office failure, and that defendant's "cross motion" for summary
judgment should have been denied in its entirety as moot.
To vacate an order made upon a defendant's failure to oppose a motion, the defendant is
required to demonstrate both a reasonable excuse for the default and a potentially meritorious
opposition to the motion (see CPLR 5015 [a] [1]; Rizzo v GMES, LLC, 190
AD3d 995, 996 [2021]; Hogan v Schwartz, 119 AD3d 650, 651 [2014]; Herrera v
MTA Bus Co., 100 AD3d 962, 963 [2012]; Swensen v MV Transp., Inc., 89 AD3d
924, 925 [2011]). The determination of what constitutes a reasonable excuse is left to the sound
discretion of the court (see Rizzo v GMES, LLC, 190 AD3d at 996; Herrera v MTA
Bus Co., 100 AD3d at 963; Swensen v MV Transp., Inc., 89 AD3d at 925), and, in
the exercise of its discretion, a court can accept a claim of law office failure as an excuse
(see CPLR 2005; Herrera v MTA Bus Co., 100 AD3d at 963; Swensen v MV
Transp., Inc., 89 AD3d at 925) if the claim is "supported by a 'detailed and credible'
explanation of the default at issue" (Swensen v MV Transp., Inc., 89 AD3d at 925,
quoting Henry v Kuveke, 9 AD3d 476, 479 [2004]; see also Herrera v MTA Bus
Co., 100 AD3d at 963). Law office failure does not constitute a reasonable excuse when
there is a pattern of willful neglect or where the allegations in support thereof are conclusory and
unsubstantiated (see Star Indus., Inc. v Innovative Beverages, Inc., 55 AD3d 903, 904
[2008]). Moreover, in making its determination, a court should consider factors such as the
extent of the delay, lack of prejudice and the strong public policy in favor of resolving cases on
their merit (see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614 [2015]).
A review of the record indicates that defendant moved to vacate the default order two days
after the order was entered, and the affirmation of defendant's attorney submitted in support of
the motion offered a "detailed and credible" explanation of the default which, under the
circumstances, was adequate to excuse defendant's default in opposing plaintiff's motion
(see CPLR 2005; Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d at 614;
Swensen v MV Transp., Inc., 89 AD3d at 925). Consequently, the Civil Court did not
improvidently exercise its discretion in determining that defendant had established a reasonable
excuse for its default. 
As, on appeal, plaintiff does not argue that defendant had failed to demonstrate a potentially
meritorious opposition to plaintiff's motion for summary judgment, we find no basis to disturb so
much of the Civil Court's November 10, 2020 order as granted defendant's motion to vacate the
May 15, 2019 default order (see CPLR 5015 [a] [1]; Hogan v Schwartz, 119
AD3d at 651) and, thus, there is no merit to plaintiff's contention that defendant's "cross motion"
for summary judgment should be denied in its entirety as moot.
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 19, 2022