Bank of N.Y. v Pieloch (2023 NY Slip Op 02996)

Bank of N.Y. v Pieloch

2023 NY Slip Op 02996

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-01629
 (Index No. 6552/08)

[*1]Bank of New York, etc., respondent, 
v
Stacy Pieloch, et al., appellants, et al., defendants.

James J. Quail & Associates, P.C., Massapequa, NY, for appellants.
Davidson Fink LLP, Rochester, NY (Ashley E. Ragan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Stacy Pieloch and Keith Pieloch appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated December 20, 2019. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Stacy Pieloch as abandoned and pursuant to CPLR 5015(a) to vacate an order of the same court dated July 18, 2019, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Keith Pieloch.
ORDERED that the order dated December 20, 2019, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendants Stacy Pieloch and Keith Pieloch which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Stacy Pieloch as abandoned, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Stacy Pieloch and Keith Pieloch (hereinafter together the Pielochs). Stacy failed to appear or answer the complaint. In an order dated July 18, 2019, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against Keith. The Pielochs moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against Stacy as abandoned and pursuant to CPLR 5015(a) to vacate the order dated July 18, 2019. In an order dated December 20, 2019, the court, inter alia, denied those branches of the Pielochs' motion. The Pielochs appeal.
CPLR 3215(c) provides that if the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed. In order to avoid dismissal pursuant to CPLR 3215(c), it is not necessary for a plaintiff to actually obtain a default judgment within one year of the default, and a plaintiff is not even required to specifically seek a default judgment within a year. As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see Deutsche [*2]Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557; Bank of N.Y. v Ilonzeh, 203 AD3d 1119, 1121; 1077 Madison St., LLC v Dickerson, 197 AD3d 443, 445-446). The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts "shall" dismiss claims for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned. The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if sufficient cause is shown why the complaint should not be dismissed. This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious (see US Bank N.A. v Perez, 203 AD3d 988, 989; Deutsche Bank Natl. Trust Co. v Watson, 199 AD3d 879, 880-881; U.S. Bank, N.A. v Turizo, 186 AD3d 1453, 1454). The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the Supreme Court (see US Bank N.A. v Perez, 203 AD3d at 989; U.S. Bank, N.A. v Turizo, 186 AD3d at 1454).
Here, the Supreme Court improvidently exercised its discretion in denying that branch of the Pielochs' motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against Stacy as abandoned. The plaintiff does not dispute that it did not move for the entry of a default judgment against Stacy within one year of her default. Moreover, the plaintiff failed to establish a reasonable excuse for the delay in timely moving for a default judgment against Stacy. Although the plaintiff attributes the delay to a bankruptcy petition filed by Keith, which automatically stayed the action, that petition was not filed until more than one year after Stacy's default.
However, the Supreme Court did not improvidently exercise its discretion in denying that branch of the Pielochs' motion which was pursuant to CPLR 5015(a) to vacate the July 18, 2019 order granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against Keith. In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for that party's default and a potentially meritorious opposition to the motion (see HSBC Bank USA, N.A. v Joseph, 209 AD3d 633; Rizzo v GMES, LLC, 190 AD3d 995, 996; BSD 253, LLC v Wilmington Sav. Fund Socy., FSB, 186 AD3d 1601, 1603). Whether an excuse is reasonable is a determination that rests within the sound discretion of the Supreme Court (see Rizzo v GMES, LLC, 190 AD3d at 996). Here, Keith failed to demonstrate a reasonable excuse for his default in opposing the plaintiff's motion. The affirmation of his counsel, which was not based on personal knowledge of the facts, was insufficient to establish a reasonable excuse (see Matter of Messiah G. [Giselle F.], 168 AD3d 420, 420; US Bank N.A. v Thurm, 140 AD3d 1578, 1579; US Natl. Bank Assn. v Melton, 90 AD3d 742, 743). Because Keith failed to offer a reasonable excuse for the default, it is unnecessary to determine whether he demonstrated a potentially meritorious opposition to the motion (see Wells Fargo Bank, N.A. v Singh, 204 AD3d 732, 734; U.S. Bank N.A. v Moultrie, 186 AD3d 525, 526; Nationstar Mtge., LLC v Brignol, 181 AD3d 881, 882).
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court