Matter of Owens v Integon Natl. Ins. Co. (2023 NY Slip Op 04773)

Matter of Owens v Integon Natl. Ins. Co.

2023 NY Slip Op 04773

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER, JJ.

2021-06171
 (Index No. 53389/21)

[*1]In the Matter of Jahil H. Owens, appellant,
v
Integon National Insurance Company, respondent.

Greenstein & Milbauer, LLP (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Law Offices of Brian J. McGovern, LLC, New City, NY, for respondent.

DECISION & ORDER
In a proceeding, in effect, pursuant to CPLR article 75 to compel arbitration, the petitioner appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated August 9, 2021. The order denied the petitioner's motion, in effect, to vacate an order of the same court dated July 6, 2020, and dismissed the proceeding.
ORDERED that the order dated August 9, 2021, is affirmed, with costs.
On June 3, 2019, the petitioner allegedly was injured when his vehicle was struck by another vehicle (hereinafter the adverse vehicle). On or about February 24, 2020, the petitioner served his insurance carrier, Integon National Insurance Company (hereinafter Integon), with a demand to arbitrate a claim for uninsured motorist benefits. On or about March 10, 2020, Integon commenced a proceeding pursuant to CPLR article 75 to permanently stay arbitration of the claim for uninsured motorist benefits. The petitioner did not answer or appear in the proceeding because he had come to believe that the adverse vehicle might have insurance coverage. On or about June 30, 2020, Integon served and filed a "Notice of Settlement" of a proposed order granting the petition on default. The petitioner did not respond to the notice. By order dated July 6, 2020, the Supreme Court granted Integon's unopposed petition to permanently stay arbitration (hereinafter the prior order).
In August 2020, the petitioner was advised, in writing, that the adverse vehicle did not have insurance coverage. Approximately seven months later, in March 2021, the petitioner commenced the instant proceeding in which he sought to vacate the prior order made in the previous [*2]proceeding, restore the instant proceeding to the active calendar, and compel arbitration. By order dated August 9, 2021, the Supreme Court denied the petitioner's motion, in effect, to vacate the prior order and dismissed the instant proceeding, determining that the petitioner failed to demonstrate a reasonable excuse for his default in the previous proceeding.
A party seeking to vacate an order entered upon his or her default in answering or appearing upon the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious claim or defense (see CPLR 5015[a][1]; Rizzo v GMES, LLC, 190 AD3d 995, 996-997; EMC Mtge. Corp. v Toussaint, 136 AD3d 861, 862). Whether an excuse is reasonable is a determination that rests within the sound discretion of the Supreme Court (see Rizzo v GMES, LLC, 190 AD3d at 996; Quercia v Silver Lake Nursing Home, Inc., 176 AD3d 1244, 1246). Here, the petitioner failed to establish a reasonable excuse for his default. Thus, it is unnecessary to consider whether he sufficiently demonstrated the existence of a potentially meritorious claim or defense (see generally Lancer Ins. Co. v Fishkin, 211 AD3d 719, 721; Rizzo v GMES, LLC, 190 AD3d at 997).
The petitioner's remaining contention is improperly raised for the first time on appeal.
LASALLE, P.J., BARROS, BRATHWAITE NELSON and MILLER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court